IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARVIN JUNIUS SIMMONS,  :  CIVIL ACTION NO. **1:CV-10-0772**
         :
   Plaintiff    :  (Judge Caldwell)
         :
   v.      :  (Magistrate Judge Blewitt)
         :
JANINE DONATE,    :
         :
   Defendant   :

## REPORT AND RECOMMENDATION

### I. Background.

On April 12, 2010, Plaintiff, Marvin Junius Simmons, while an inmate at the Lackawanna County Prison ("LCP"), Scranton, Pennsylvania, filed, *pro se,* this civil rights action pursuant to 42 U.S.C. § 1983. (Doc.1).[1]  Plaintiff also filed an *in forma pauperis* motion.  (Doc. 5).  Plaintiff named as sole Defendant, Janine Donate, LCP Warden during the relevant times of this case.[2]

In his 5-page handwritten Complaint, Plaintiff alleged that during his confinement at LCP, from March 2, 2010 through March 29, 2010, Defendant Donate violated his constitutional rights by failing to protect him and directing others (CO's and inmates) to assault him in violation of the Eighth Amendment, by denying him access to legal materials and to the court in violation of the First Amendment, by denying him medical care in violation of the Eighth Amendment, and by confining him in his cell for 24 hours a day with no water and no recreation for 29 days in violation of the Eighth Amendment.   (Doc. 1, pp. 2-4).  As relief, Plaintiff sought to be transferred to another

---

1.   Plaintiff Simmons has filed other actions with this Court, including 1:CV-10-739, 1:CV-10-770, and 1:CV-10-771.  Plaintiff's other case are all closed.

2.   Janine Donate is no longer the LCP Warden.  Plaintiff Simmons is no longer confined at LCP.

county prison,[3] to have criminal charges filed against Defendant Warden Donate, and for $600,000 in compensatory damages.   (Id., p. 5).[4]

---

3.   We note that Plaintiff 's request to be transferred to a different county prison is subject to dismissal.  "It is well-settled that an inmate has no recognizable constitutional right to a particular custody status," nor to being placed in any particular prison.   *Smith v. United States*, 2007 WL 4270602, * 11 (M.D. Pa. 2007) (citing *Olim v. Wakinekona*, 461 U.S. 238 (1983)).  Moreover, since Plaintiff was removed from LCP on May 5, 2010, his request for a transfer is now moot and he lacks standing with respect to this request. (Doc. 23-1, p. 3). *See Womack v. Smith*, 2009 WL 5214966, *7 (M.D. Pa.).

4.   The undersigned has been assigned this case for all pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

  We note, to the extent Plaintiff claims that Defendant Donate committed criminal violations, such claims are not proper in a federal civil action.  This Court cannot grant as relief in the present case the initiation of a criminal prosecution.  Also, the Third Circuit has held that a private person could not impose criminal liability on a defendant since he lacked standing to do so.   *See Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential).  This Court has no authority to grant Plaintiff relief with respect to alleged criminal conduct in this action.   *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd. in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2.  Thus, insofar as Plaintiff  is seeking this Court to file criminal charges against Defendant, this request is subject to dismissal.

   Additionally, Plaintiff cannot request monetary damages against Defendant in her official capacity.  Plaintiff does not state if he sues Defendant Warden Donate in her official and/or personal capacities.  We note that insofar as Plaintiff seeks monetary damages against this Defendant, he can only sue Donate in her individual or personal capacity.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential).  Thus, any claims for monetary damages against Defendant Donate in her official capacity should be dismissed.

   Also, Plaintiff's request for a specific amount of monetary damages (Doc. 1, p. 5) should be stricken.  Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief.  Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's request for specific monetary damages should be stricken from his Complaint.  *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; *Said v. Donate*, Civil No. 07-1550, M.D. Pa.

On April 27, 2010, we issued an Order and granted Plaintiff's *in forma pauperis* motion and directed the Clerk of Court to serve Defendant Donate with Plaintiff 's Complaint.   (Doc. 9).

On July 29, 2010, after being granted an extension of time, Defendant, through counsel, filed her Answer to Plaintiff 's Complaint with Affirmative Defenses.  (Doc. 15).

We issued a case management Order on September 1, 2010, setting the discovery deadline as November 1, 2010, and the dispositive motion deadline as December 1, 2010.  (Doc. 16).   The copy of our September 1, 2010 Order which was mailed to Plaintiff as his last known address, *i.e.* LCP,  was returned as undeliverable since Plaintiff was no longer at LCP.  (Doc. 17).

On March 1, 2011, Defendant Janine Donate filed a Motion for Summary Judgment, pursuant to Fed.R.Civ.P. 56,  after being granted an extension of time.   **(Doc. 22).**   Defendant filed her Statement of Facts ("SMF") with Exhibits and support Brief on the same date. (Docs. 23, 23-1 and 24).  Plaintiff's failure to timely file an opposition brief to Defendant's Motion for Summary Judgment and a response to Defendant's SMF resulted in our issuance of an Order on March 24, 2011, affording Plaintiff, *sua sponte*, additional time, until April 4, 2011, to file his opposition brief to Defendant's Motion and his response to Defendant's SMF. (Doc. 25).  The Doc. 25 Order also clearly advised Plaintiff that his failure to timely file an opposition brief would result in a recommendation that Defendant's Motion for Summary Judgment be deemed unopposed pursuant to Local Rule 7.6, M.D. Pa., and that it be granted without a merits analysis.

On March 29, 2011, the Court's Doc. 25 Order was returned as undeliverable to Plaintiff. (Doc. 26).   Plaintiff has failed to notify the Court of his current address as required and he has not filed any document with the Court since his April 26, 2010 letter.  (Doc. 8).

## II. Discussion.

To date, Plaintiff has neither filed a brief in opposition to Defendants' Motion for Summary Judgment and response to Defendant 's SMF nor requested an extension of time within which to do so. We have given Plaintiff additional time of over ten (10) days from the extended April 4, 2011, deadline to file his opposition brief and response to Defendant 's SMF. Defendant's Motion for Summary Judgment should therefore deemed unopposed pursuant to Rule 7.6, M.D. Pa. Additionally, since Plaintiff has not properly responded to Defendant's SMF as required by Local Rule 56.1, M.D. Pa., Defendant's facts are undisputed. *See Cyrus v. Laino*, Civil No. 08-1085, M.D. Pa.; *Cyrus v. Freynik*, Civil No. 08-2278, M.D. Pa.; *Michatavi v. Martinez*, 2009 WL 5172962 (M.D. Pa.); *Hemingway v. Ellers, 2008 WL 3540526 (M.D. Pa.); Accolla v. U.S.*, 2009 WL 3625383 (M.D. Pa.), affirmed 2010 WL 763550 (3d Cir.)(court found that since Plaintiff inmate in civil rights action did not properly respond to prison staff Defendants' statement of facts as required by L.R. 56.1, M.D. Pa., Defendants' statement of facts were undisputed).

Further, Defendants' unopposed Motion for Summary Judgment can be granted without a merits analysis. In *Pruden v. Norris*, 2007 WL 3094239, *1 (M.D. Pa.), the Court stated:

> Although the deadline for filing an opposing brief has passed, Plaintiff has neither filed a brief in opposition to Defendants' motion, nor has he requested an extension of time in which to do so. In *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir.1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss should not be granted simply because it is unopposed. However, the Third Circuit Court of Appeals did not preclude dismissal based upon an unopposed motion, after adequate warning. "We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis ... Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply

from the court, the rule cannot be invoked." *Id.* Plaintiff was advised of the requirements of Local Rule 7.6 by both the standing practice order (Doc. 5) issued in this case on November 30, 2006, and the June 21, 2007 Order. He was specifically notified that failure to comply with Local Rule 7.6 by filing a brief in opposition would result in dismissal. Consequently, the Court will grant the Defendants' unopposed motion to dismiss without a merits analysis. *See* M.D. Pa. Local Rule 7.6; Fed.R.Civ.P. 41(b); *Stackhouse,* 951 F.2d at 30 (3d Cir.1991).

In the present case, much the same as in *Pruden*, Plaintiff Simmons was forewarned that if he did not file his opposition brief, we would recommend that Defendant's Motion for Summary Judgment be deemed unopposed. Plaintiff was also given a copy of the pertinent Local Rules of this Court. (Doc. 2). He was well aware of the requirements of Local Rule 7.6.[5]

Since Plaintiff was specifically directed to file his opposition brief and response to Defendant's SMF and, he was specifically advised that his failure to do so would result in a recommendation that Defendant's Motion for Summary Judgment be deemed unopposed, we find that based on *Pruden* and *Stackhouse*, Local Rule 7.6 should be invoked and Defendant's unopposed Motion should be granted. *See Bethea v. Confer*, 2008 WL 3978315 (M.D. Pa.).

Regardless, we will not recommend that the Court grant Defendant's unopposed Doc. 22 Motion for Summary Judgment without considering the *Poulis* factors. *See Shuey v. Schwab*, 2009 WL 3601202, *2 (3d Cir.)("*Poulis* has been cited too often and it too deeply ingrained in the jurisprudence of this court to assume that a party's failure to respond to a motion

---

5. As noted above, Plaintiff Simmons has filed the actions with this Court and he should be deemed as knowing the Local Rules.

to dismiss can be regarded as an abandonment of the claim."); *Glinsky v. U.S.* , 2010 WL 1329013

(M.D. Pa.), *Moran v. Donate*, 2009 WL 1290601 (M.D. Pa. 5-6-09).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated:

> the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863,
> 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the
> action is appropriate in this case. The *Poulis* factors the Court should
> consider are: (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused  by the failure to meet
> scheduling orders and respond to discovery; (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in
> bad faith; (5) the effectiveness of sanctions other than dismissal, which
> entails an analysis of alternative sanctions; and (6) the meritoriousness of
> the claim or defense. *Poulis,* 747 F.2d at 868.
>
> We agree with the Magistrate Judge's determination that the Plaintiff's
> dilatoriness outweighs any of the other considerations set forth in *Poulis,*
> and that Plaintiff's failure to comply with the Order of May 30, 2006
> indicates that the Plaintiff has abandoned this lawsuit. Her inaction points to
> no other logical conclusion.

*See also Moran, supra.*

Thus, based on *Shuey v. Schwab*, 2009 WL 3601202 , and *Moran, supra*, we will also

analyze the *Poulis* factors.  We  find Plaintiff's stated conduct in delaying his April 2010 case for

about one (1) month (*i.e.* from the date Plaintiff's opposition brief was first due, March 22, 2011)

to be attributable to him personally.  Plaintiff was initially required to file his opposition brief to

Defendant's March 1, 2011 Motion for Summary Judgment and his response to Defendant 's SMF

on March 22, 2011.  As mentioned, we  *sua sponte* afforded Plaintiff additional time within which

to file his opposition and his response to Defendant's SMF, and then we gave Plaintiff still more

time to comply with our March 24, 2011 Order.  As mentioned, Plaintiff has filed nothing in

response to the stated Order, and he has not notified the Court that he intends to pursue his action

6

as against the instant moving Defendant. In fact, as mentioned, Plaintiff has filed nothing with this Court since April 26, 2010, when he filed his letter regarding prison conditions. (Doc. 8).

Further, Plaintiff has failed to keep the Court apprised of his current address, as he is required to do by Local Rule 83.18, M.D. Pa. Plaintiff was advised of this obligation in the Standing Practice Order issued by this Court and provided to him at the inception of his action. (Doc. 2). As stated, Plaintiff's last filing with this Court occurred on April 26, 2010. (Doc. 8). Since that time, mail addressed to Plaintiff at his last known address of record has been returned to the Court as undeliverable. (*See* Docs. 14, 17, 20, and 26).

We find that Plaintiff has caused prejudice to the Defendant since she has been named in a lawsuit now in federal court, and no final disposition of her March 1, 2011 Motion has yet occurred due to Plaintiff's repeated failure to file his opposition brief and his response to Defendant's SMF. Plaintiff also now has a history of dilatoriness in this case. Also, his present conduct in failing to prosecute his case is further evidence of dilatoriness, especially since this case cannot proceed as against Defendant without his compliance with the March 24, 2011 Order.

Based on the discussion above, we find that the conduct of Plaintiff is wilful, especially since he has filed nothing with the Court for almost a year, since he failed to timely respond to the instant Motion, since he has not contacted the Court to explain why he has failed to comply with the March 24, 2011 Order, and since he has failed to keep the Court apprised of his current whereabouts.

Plaintiff has been forewarned that his failure to comply with the Court's Order would result in his being deemed as not opposing Defendant's Doc. 22 Motion for Summary Judgment.

As stated, this case cannot proceed as against Defendant Donate without Plaintiff's compliance with the March 24, 2011 Order.  Since Plaintiff has not paid the filing fee with this Court, we find that other sanctions would not be effective in this case.

Also, as discussed below, we find that the undisputed evidence of Defendant shows that all of Plaintiff's claims are without merit.

Thus, we find that based on the *Poulis* factors, Plaintiff's failure to comply with the Court's March 24, 2011 Order demonstrates he has abandoned his case as against Defendant Donate.

Moreover, Defendant's Motion for Summary Judgment has merit.  Defendant's undisputed evidence shows that Plaintiff was incarcerated at LCP on December 16, 2009, by the U.S. Marshal Service ("USMS").  (Doc. 23-1, p. 2).  Plaintiff remained at LCP until May 5, 2010, when he was released to the USMS.  (Id., p. 3).  Defendant states that "[d]uring this period of incarceration, there is no record that Simmons ever submitted a grievance"  relating to several incidents alleged in his Complaint.  (Doc. 24, p. 3).  Defendant also states that the records of Correctional Care, Inc., show that Plaintiff was treated on numerous occasions by the prison medical staff and that he was evaluated on every occasion he had a medical complaint.  (Id.).

Defendant's evidence also shows that a Misconduct Report was filed against Plaintiff on December 23, 2009, after he took his cell mate's Haldol medication, that he was treated by medical staff, that an Administrative Segregation Order was issued against Plaintiff and, that he was placed in the RHU on disciplinary custody.  (Doc. 23-1, pp. 4-7).  Plaintiff was found guilty of the Misconduct Report at a December 30, 2009 hearing and, he was sanctioned to 14 days in

disciplinary custody.  (Id., p. 8). Plaintiff was released from the RHU on January 5, 2010, and moved to Administrative Custody ("AC") status.   (Id., p. 9).

On January 11, 2010, Plaintiff complained to the LCP Assistant Warden that he feared for his life due to six inmates, the Assistant Warden directed staff to meet with Plaintiff and, he listed the inmates in the computer file as Plaintiff 's enemies.  (Id., p. 10).

On January 31, 2010, a Misconduct Report was issued against Plaintiff for directing two other inmates to move into another cell.  (Id., p. 12).   Plaintiff was found guilty of misconduct charges at a February 3, 2010 hearing, and he was sanctioned to disciplinary custody in the RHU for 21 days. (Id., p. 13).  Plaintiff was released from the RHU on February 16, 2010, and moved into AC status.  (Id., pp. 14-15).

Plaintiff was advised by Assistant Warden Maloney in a Memo dated April 14, 2010, that all of Plaintiff's grievances were reviewed, investigated and found to be without merit.  (Id., p. 17).

Further, Defendant has submitted her Affidavit as an exhibit, Doc. 23-1, pp. 19-21, in which she specifically denied each and every one of Plaintiff's claims against her asserted in his Complaint.  Plaintiff has not responded to any of Defendant 's SMF nor has he submitted any evidence to dispute Defendant 's evidence.

We agree with Defendant that the undisputed record does not show that she directed either staff or inmates to assault Plaintiff.  Also, there is no medical record which shows that Plaintiff was treated for any alleged injuries resulting from the alleged assaults.   Defendant 's Affidavit also shows that she did not direct either staff or other inmates to assault Plaintiff.  (Doc. 23-1, pp. 19-20).

Additionally, there is no evidence that Defendant threatened to kill Plaintiff and Defendant's Affidavit shows that she did not threaten Plaintiff.   (Doc. 23-1, p. 20).   Also, as Defendant argues (Doc. 24, pp. 10-11), mere threatening language does not constitute a constitutional violation.

As the Court stated in *Aponte v. Karnes*, 2008 WL 360879, *3 (M.D. Pa.):

> It has been recognized that the use of words generally cannot constitute an assault actionable under § 1983. *Johnson v. Glick,* 481 F.2d 1028, 1033 n. 7 (2d Cir.1973), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Maclean v. Secor,* 876 F.Supp. 695, 698-99 (E.D.Pa.1995); *Murray v. Woodburn,* 809 F.Supp. 383, 384 (E.D.Pa.1993) ("Mean harassment ... is insufficient to state a constitutional deprivation."); *Prisoners' Legal Ass'n v. Roberson,* 822 F.Supp. 185, 189 (D.N.J.1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."); *Jones v. Superintendent,* 370 F.Supp. 488, 491 (W.D.Va.1974).
>
> Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. *Fisher v. Woodson,* 373 F.Supp. 970, 973 (E.D.Va.1973): *see also Balliet v. Whitmire,* 626 F.Supp. 219, 228-29 (M.D.Pa.) ("[v]erbal abuse is not a civil rights violation ...."), *aff'd,* 800 F.2d 1130 (3d Cir.1986). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth
>
> Amendment's cruel and unusual punishment clause, *see Prisoners' Legal Ass'n,* 822 F.Supp. at 189, or under the Fifth Amendment's substantive due process clause, *see Pittsley v. Warish,* 927 F.2d 3, 7 (1st Cir.1991), *cert. denied,* 502 U.S. 879, 112 S.Ct. 226, 116 L.Ed.2d 183 (1991).
> Verbal harassment or threats, with some reinforcing act accompanying them, however, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated
>
> the threat beyond mere words. *See Northington v. Jackson,* 973 F.2d 1518 (10th Cir.1992) (guard put a revolver to the inmate's head and threatened to shoot); *Douglas v. Marino,* 684 F.Supp. 395 (D.N.J.1988) (prison employee threatened an inmate with a knife). It has also been found that verbal harassment can rise to a constitutional level in a situation where fulfillment of the threat was conditioned on the inmate's exercising some constitutionally protected right. *Bieros v. Nicola,* 860 F.Supp.

> 226, 233 (E.D.Pa.1994): *see also Prisoners' Legal Ass'n,* 822 F.Supp. at 189; *Murray,* 809 F.Supp. at 384.

*See also Kimball v. Walters*, 2007 WL 87897, *7 (M.D. Pa.).

We also agree with Defendant (Doc. 24, pp. 11-12) that Plaintiff has failed to show his First Amendment right to access to the court was violated.   As Defendant points out, Plaintiff has not shown any actual harm to any court proceeding as result of her alleged conduct.

As the Third Circuit Court stated in *Salkeld v. Tennis*, C.A. No. 07-1776, (3d Cir. 9-13-07), slip op. p. 3, 2007 WL 2682994, * 1 (3d Cir. 2007) (Non-precedential):

> An inmate alleging a violation of *Bounds v. Smith*, 430 U.S. 817 (1977), must show an actual injury, a requirement that derives from the doctrine of standing.  *Lewis v. Casey*, 518 U.S. 343, 349 (1969). Specifically, the inmate must show that the alleged shortcomings in the prison policy "hindered his efforts to pursue a legal claim." *Id.* at 351.  *See also Reynolds v. Wagner*, 128 F.3d 166, 183 (3d Cir. 1997) (no First Amendment right to subsidized mail).  However, the injury requirement is not satisfied by just any type of frustrated legal claim; the legal claim must relate to a direct or collateral challenge to a prisoner's sentence of conditions of confinement.  *Lewis*, 518 U.S. at 349 ("Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.") (emphasis in original).

In *O'Connell v. Sobina*, 2008 WL 144199, *10 (W.D. Pa.), the Court stated:

> In *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002), the Supreme Court set forth specific criteria that a court must consider in determining whether a plaintiff has alleged a viable claim of right to access to the courts.  Specifically, the Supreme Court held that, in order to state a claim for denial of access to courts, a party must identify all of the following in the complaint: 1) a non-frivolous, underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded

as recompense but that is not otherwise available in a future suit.  *Christopher*, 536 U.S. at 415.

In his Complaint, Plaintiff does not allege that he suffered any actual injury to any court case due to the conduct of Defendant.  Thus, since Plaintiff does not state that any underlying claims were harmed by Defendant's alleged conduct, he fails to state a First Amendment claim for denial of access to the court.  *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002)(requiring allegations that the document inmate was unable to file was non-frivolous to state an access to courts claim); *Romansky v. Stickman*, 147 Fed. Appx. 310, 312 (3d Cir. 2005)(Non-Precedential)("*Christopher* [case] requires that 'the predicate claim be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.")(citing *Christopher* at 416); *O'Connell*, 2008 WL 144199, * 10.

Further, Plaintiff has not disputed Defendant's evidence in which she avers in her Affidavit that "[a]t no time was [Plaintiff] denied the ability to access the materials in the law library.  Moreover, I am aware of no specific request made by Simmons that was forwarded to me."  (Doc. 23-1, p. 20, ¶ 3).

Accordingly, we will recommend that Defendant's Summary Judgment Motion (Doc. 22) be granted.

**III.  Recommendation.**

Based on the foregoing, we respectfully recommend that Defendant Donate's Motion for Summary Judgment **(Doc. 22)** be granted.  It is further recommended that Judgment be entered in favor of Defendant Donate and against Plaintiff Simmons.

<u>s/ Thomas M. Blewitt</u>   _____
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 15, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN JUNIUS SIMMONS, | : | CIVIL ACTION NO. **1:CV-10-0772** |
| | : | |
| Plaintiff | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JANINE DONATE, | : | |
| | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **April 15, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                              s/ Thomas M. Blewitt
                              THOMAS M. BLEWITT
                              United States Magistrate Judge

**Dated: April 15, 2011**